O

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BECAUSE HE LIVES TRUST, ) | Case No. CV 13-09303 DDP (Ex) |
| Plaintiff, ) | **ORDER DENYING MOTION TO QUASH ADMINISTRATIVE SUBPOENA** |
| v. ) | |
| UNITED STATES SECURITIES AND ) EXCHANGE COMMISSION, ) | |
| Defendant. ) | |
| _____ ) | |

   The matter is before us on a Motion for Order Pursuant to Customer Challenge Provisions of the Right to Financial Privacy Act, filed by Bobby D. Jones ("Jones"), in pro per, purportedly as trustee of Because He Lives Trust ("the Trust"). (DKT No. 1.) The Motion seeks to prevent the U.S. Securities and Exchange Commission ("SEC") from executing an administrative subpoena upon the bank records of the Trust. We construe this as a motion to quash the SEC's subpoena. For the following reasons, the Motion is DENIED:

   First, the Motion is not properly before us because a trust may not appear in an action without representation by an attorney. See Local Rule 83.2.2.2 ("Only individuals may represent themselves

*pro se*. No organization or entity of any other kind (including corporations, limited liability corporations, partnerships, limited liability partnerships, unincorporated associations, trusts) may appear in any action or proceeding unless represented by an attorney permitted to practice before this Court under L.R. 83-2.1."). Under Local Rule 83.2.2.2, the Motion was not properly brought because Jones, acting pro se, may not represent the Trust.

Second, aside from this defect, Jones also has not met his burden to establish that the subpoena should be quashed. The Right to Financial Privacy Act ("RFPA") establishes the process by which the customer of a financial institution may move to quash an administrative subpoena. The movant must file an affidavit or sworn statement:

> (1) stating that the applicant is a customer of the financial institution from which financial records pertaining to him have been sought; and
>
> (2) stating the applicant's reasons for believing that the financial records sought are not relevant to the legitimate law enforcement inquiry stated by the Government authority in its notice, or that there has not been substantial compliance with the provisions of this chapter.

12 U.S.C. § 3410(a). If the Court finds that the customer has complied with these obligations, the burden shifts to the government to show that "there is a demonstrable reason to believe that the law enforcement inquiry is legitimate and a reasonable belief that the records sought are relevant to that inquiry." § 3410(c).

///

Here, the Motion is woefully insufficient to meet Jones's initial burden to challenge the subpoena. The Motion does not provide any explanation as to why the financial records sought are not relevant to a legitimate law enforcement inquiry. Instead, the Motion provides only the following statement declaring a desire to see the result sought:

> I, Bobby D. Jones, Trustee for Because He Lives Trust, move this Court, pursuant to Section 1110 of the Right to Financial Privacy Act of 1978, 12 U.S.C. 3410, for an order preventing the government from obtaining access to my financial records. The agency seeking access is the United States Securities and Exchange Commission. My financial records are held at [address of Wells Fargo].

(DKT No. 1 at 1.) The statement concludes by stating that a sworn statement is attached, (DKT No. 1 at 2), but no such statement was filed. The Motion thus fails to meet the movant's initial burden. See Panaro v. U.S.S.E.C., 1987 WL 15951 (E.D.N.Y. Aug. 5, 1987) ("The lack of factual support for movants' challenge to the subpoenas is a 'sufficient basis to deny a motion to quash.'") (quoting Donovan v. V.A. Local 38, Plumbers and Pipe Trades Pension Fund, 569 F.Supp. 1488, 1490 (N.D. Cal. 1983)).

Moreover, even if Jones had met his initial burden, the Motion must be denied because the SEC has demonstrated that the subpoena seeks records that are relevant to a legitimate law enforcement inquiry. We conclude that the bank records sought are relevant to the SEC's ongoing investigation of Janus Spectrum LLC ("Janus"), because they may assist the SEC in determining (1) the extent of Jones's involvement in the practices involving Janus under

3

investigation; (2) the Trust's potential role in soliciting and advising investors for Janus; (3) Jones's use of the Trust's bank account as a conduit for the receipt and disbursement of investor monies, and (4) the involvement of additional parties in the practices being investigated and additional investors that may have been defrauded. (<u>See</u> Opposition at 8-9 & Exs. 1-7.)

For the forgoing reasons, the Motion is DENIED. The SEC, which executed the subpoena before the instant Motion was filed but has not reviewed the records, may now review the records as part of its stated investigation.

IT IS SO ORDERED.

Dated: March 19, 2014

                HON. GEORGE H. KING
                Chief United States District Judge
                        for
                HON. DEAN D. PREGERSON
                United States District Judge